IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jennifer Plank-Greer,                                            Case No. 3:13CV01266

      Petitioner

      v.                                                                      **ORDER**

Tannerite Sports, LLC, et al.

      Respondent


      This is an insurance dispute arising from an injury plaintiff/ intervening defendant Jennifer Plank-Greer sustained when defendant James Yaney blew up a refrigerator contraining the explosive H2 during a party at his home. Yaney maintained insurance with Auto-Owners Insurance Company (Auto-Owners) for his business, Yaney Motorsports (Motorsports), which he operated on the premises. Auto-Owners has intervened as a plaintiff. (Doc. 55).

      Plank-Greer seeks a finding on summary judgment that the insurance contract Auto-Owners issued to Motorsports provides coverage for her injuries. (Doc.128). Auto-Owners has filed a cross-motion for summary judgment, (Doc. 132), stating that it does not have a duty to defend or indemnify Yaney because Plank-Greer's injuries are outside the contract's scope.  For

the following reasons, I deny Plank-Greer's motion for summary judgment, (Doc. 128), and grant Auto-Owners's respective motion (Doc. 132).

**Background**

Yaney did business as Motorsports, a sole proprietorship.[1] Motorsports provided lawn and garden services, and also repaired ATVs, mopeds, cars, and trucks. Motorsports operated from a pole barn on the same property as Yaney's residence, 7190 Township Road, Celina, Ohio. Yaney had a trailer and two trucks, an F-250 and F-150, which he used for both personal and business purposes. One of the trucks had a "Yaney Motorsports" logo inscribed on its side.

In May 2012, Yaney's friend, Jason Vantilburg, in anticipation of the birth of his first child, asked Yaney to host a party to celebrate. Yaney and Vantilburg fashioned the party into a "diaper shootout," where guests could bring diapers for the new baby and enjoy an afternoon shooting guns in Yaney's backyard. As a "grand finale" to the party, they also decided to blow up an old refrigerator.

In preparation, Yaney used his Motorsports truck to haul the refrigerator from Vantilburg's home to his property. He then used his trailer to tow a box van to his backyard so that guests had a target to shoot. On the day of the event, Yaney set up the Motorsports truck and trailer as a staging area for guns and ammunition.

Vantilburg selected which guests to invite, several of whom were Motorsports customers, and sent out invitations. Also amongst the guests were Plank-Greer and her son. Prior to the event, Yaney had never met Plank-Greer.

At the party, the guests congregated in the backyard and spent the afternoon shooting guns. While Yaney did not remember discussing business with any of the guests, he stated that it would not have been unusual to talk shop. Plank-Greer recalls Yaney discussing his business

---
[1] Yaney Motorsports is no longer in business.

2

with her, offering to weld or manufacture a hitch for her car and a bike rack, and giving her a price for new brake pads.

Towards the end of the event, Yaney and Vantilburg decided it was time to blow up the refrigerator. They hauled the refrigerator from Yaney's pole barn into the backyard. Guests stood behind tables fifty meters away from where the refrigerator was located. Vantilburg moved into position behind his rifle, fired at the explosives inside the refrigerator, and detonated them. The refrigerator immediately blew apart and sent shrapnel flying across the yard. A piece of shrapnel hit Plank-Greer's hand, nearly severing it.

As part of his business, Yaney maintained a Tailored Protection Policy (TPP) with Auto-Owners. The policy covered Yaney's "Auto Repair Shop" located at 7190 Township Road, Celina, Ohio. The TPP included two types of coverage: Commercial Property Coverage (CPC) and Garage Liability Coverage (GLC). At issue is the GLC's scope.

The GLC provides coverage for bodily injury and property damage. Section II, Coverage A (Bodily Injury and Property Damage Liability), subsection 1.a., provides:

> (1) We will pay those sums that you become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. We will have the right and duty to defend you against any suit seeking those damages.

Section II, Coverage C (Medical Payments), subsection 1.a:, provides:

> a. We will pay medical expenses as described below for bodily injury caused by an accident:
>
>   (1) On premises you own or rent;
>   (2) On ways next to premises you own or rent; or
>   (3) Because of your operations…

Section III defines who is an "insured" under the policy:

> A. With respect to operations in your business as described under Section II,…:
>
>   1. If you are designated in the Declarations as:

3

>> a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

The Declarations identify the named insured as "James Yaney dba Yaney Motorsports."

Auto-Owners moved to intervene on January 21, 2014. (Doc. 55). Plank-Greer filed her summary judgment motion on November 21, 2014., (Doc. 128), and Auto-Owners responded with its own motion for summary judgment on November 24, 2014. (Doc. 132).

## Standard of Review

Rule 56 of the Federal Rules of Civil Procedure entitles a party to summary judgment where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323. A genuine issue of material fact is one for which a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the movant meets that initial burden, the burden shifts "to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Id.* at 250. Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, I accept the non-movant's evidence as true and construe all evidence in its favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

## Discussion

Auto-Owners claims it has no duty to defend, indemnify, or otherwise provide Yaney coverage for Plank-Greer's injuries. It argues the insurance contract's provision stating the insured is covered "*only* with respect to the conduct of [his] business," precludes coverage for

4

injuries that occur when the insured mixes business and pleasure. Plank-Greer, on the other hand, contends the phrase "conduct of a business" is ambiguous, and that it remains a factual question for the jury whether the contract extends to activities that are solely business in nature.

Insurance policies are contracts, and the relationship between the insurer and the insured is purely contractual in nature. *Nationwide Mut. Ins. Co. v. Marsh*, 15 Ohio St.3d 107, 109 (1984). Insurance policies are construed according to the ordinary principles of contract construction. *Gomolka v. State Auto. Mut. Ins. Co*., 70 Ohio St.2d 166, 167-68 (1982). The purpose of construing a contract is to effectuate the intent of the parties, which "is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.,* 31 Ohio St.3d 130, 132 (1987) (citing *Skivolocki, supra*, 38 Ohio St.2d at paragraph one & *Blosser v. Enderlin*, 113 Ohio St. 121, paragraph one of the syllabus (1925)).

Unless otherwise defined, the words in an insurance contract are given their "natural and usual meaning." *Garlick v. McFarland*, 159 Ohio St. 539, 545 (1953). Where a contract's language is unambiguous, its interpretation is a matter of law and courts will not introduce extrinsic evidence to construe the agreement's terms. *Blosser, supra,* 113 Ohio St. at paragraph two of the syllabus.

The insurance contract's terms in the case at bar are unambiguous. The contract states Yaney is covered "*only* with respect to the conduct of a business." (Emphasis supplied). "Only" has a singular meaning: "no one or nothing more besides; solely or exclusively." Oxford Dictionaries Online, *http://english.oxford dictionaries.com* (last visited April. 13, 2015); *see also* Webster's Third new Int'l Dictionary Unabridged (2002), http://unabridged.merriam-webster.com (April 12, 2015) (defining "only" as "alone in a class or category: existing with no other or others of the same kind"). The term "only" modifies the phrase "with respect to the

conduct of a business," thereby expressly limiting the insured's coverage to conduct that relates solely to the insured's business. Activities that are mixed in nature—done for both business and pleasure—or activities unrelated to the business, are outside the policy's scope.

Ohio courts, when presented with insurance contracts stating the policy holder is insured "only with respect to the conduct of [the insured's] business," have consistently held that such contracts do not cover conduct unless it is for the sole purpose of the insured's business. *Reese v. George*, 15 N.E.3d 379, 381(Ohio App. 2014) (business insurance did not cover lawsuit arising from insured's threats to a department of public safety official, even though the threats were prompted by the official's investigation of the insured's business); *Motorists Mut. Ins. Co. v. Cianfaglione*, 2014 WL 2968250, *6 (Ohio App.) (business insurance did not cover plaintiff's injuries he suffered when a skid steer, used for the dual purposes of the insured's contracting business and family farm, injured plaintiff while it was being used for farming); *Am. Family Ins. Co. v. Roach*, 2009 WL 2772552, *5 (Ohio App.) (business insurance did not cover insured for disparaging comments he made about his former employer, as they were unrelated to his current business).

Finding the language unambiguous, the courts have focused on whether the insured was engaged in business at the moment in which the plaintiff's alleged injury arose. *Reese, supra,* 15 N.E.3dat 384-85 ("[W]e must look to [the insured's] alleged actions themselves—and not to the events leading up to those actions—to determine whether they were business related or personal in nature.") (citing *Jones v. Am. Emp. Ins. Co*., 106 Ohio App.3d 636, 639 (1995) (finding that the relevant inquiry was whether the insured was engaged in business at the moment he entered

6


into a fist fight, not on the events leading up to the fight); *see also Cianfaglione*, *supra*, WL 2968250, *6; *Roach, supra*, WL 2772552, *5.[2]

Here, at most, Yaney's party mixed personal activities and business, with business being incidental (and, it would appear, coincidental). Yaney used the Motosports truck and trailer to haul items to his property for the party, and spoke with guests, including plaintiff, about his business. Yaney, however, did not co-host the party to promote his business: he held the party to help his friend, Jason Vantilburg, celebrate the impending arrival of his baby. Moreover, focusing solely on the event that gave rise to plaintiff's injury—blowing up the refrigerator—there is no question that it was done for the guests' entertainment and bore no relationship to Yaney's business. Because Yaney was not acting solely with respect to his business, his activities that day were outside the scope of his insurance contract with Auto-Owners. Accordingly, Auto-Owners is not obligated to provide coverage to Yaney for any of Plank-Greer's allegations.

## Conclusion

It is therefore

ORDERED THAT:

1) Plaintiff/ Intervening Defendant Plank-Greer's motion for summary judgment (Doc. 128) be, and the same hereby is denied; and

---

[2] Plank-Greer relies on *Property Owners Ins. Co. v. Cope*, 772 F.Supp. 1096, 1101 (N.D. Ind. 1991) to support her assertion that the contract language is ambiguous. In *Cope*, the insurance contract at issue stated the insured was covered "with respect to the conduct of [the insured's] business." *Id*. at 1097. The court, interpreting Indiana law, decided the contract language was ambiguous as it was unclear whether or not the insurance applied when the insured's conduct was both business and personal in nature. *Id*. at 1101-02. The contract in *Cope*, however, is distinct from the contract in the case at bar: unlike in *Cope*, the contract here states the insured is covered "*only* with respect to the conduct of a business." The inclusion of the term "only" erases any ambiguity because the contract's express terms make it clear that the insured is only covered when his conduct is purely business related. Plank-Greer's reliance on *Cope*, therefore, is unpersuasive.

2) Intervening Plaintiff Auto-Owners Insurance Company's motion for summary judgment (Doc. 132) be, and the same hereby is granted.

So ordered.

>/s/ James G. Carr
> Sr. U.S. District Judge